# WABASH, ST. LOUIS & PACIFIC RY. CO.

## v.

## CLINTON L. CONKLING, Adm'r, etc.

1.  MASTER AND SERVANT.—An employe when he enters upon any service, assumes all the ordinary hazards arisₙng from the performance of the duties of his voluntary engagement.

2.  HAZARDS OF EMPLOYMENT.—Where a fireman employed by appellant, was, while cleaning the ash pan of his locomotive, fatally injured through the negligence of appellant's employes having charge of a work train, in not observing the rules of the road adopted by appellant to govern the running of trains and which were ample and sufficient to afford every

protection to the deceased and the employes of the road, had they been strictly observed and obeyed. *Held,* that the negligence of the employes was one of the ordinary hazards arising from the performance of the duties of the voluntary engagement which the deceased entered into when he took service with appellant.

APPEAL from the Circuit Court of Pike county; the Hon. S. P. SHOPE, Judge, presiding. Opinion filed July 3, 1884.

Mr. GEO. B. BURNETT, for appellant; that when a servant enters the service of another, he assumes all the risks ordinarily incident to the business, cited Clark v. C. B. & Q. Ry. Co., 92 Ill. 43; C. B. & Q. R. R. Co. v. Clark, 2 Bradwell, 596; Wood on Master and Servant, § 326; C. & N. W. Ry. Co. v. Ward, 61 Ill. 131; Gunderson v. Peterson, 65 Ill. 193; I., B. & W. Ry. Co. v. Flanigan, 77 Ill. 365.

Messrs. ORR & CRAWFORD, and Mr. J. C. SUGG, for appellee.

DAVIS, J. This was an action brought by the administrator of the estate of Felix L. Rogers, deceased, to recover damages for the death of said Rogers, caused by the alleged negligence of appellant.

It appears from the record that on the day of the accident which resulted in the death of appellee's intestate, Rogers was in the employment, and had been for some time previously, of the Wabash, St. Louis & Pacific Railway Co. as a fireman, running between Hannibal and Springfield, and at the time he was killed was working in that capacity on an engine attached to a regular freight train. On May 6, 1883, while making his run from Hannibal to Springfield, his train stopped at New Salem, a station on appellant's road, at which it had arrived a few minutes in advance of time, and was waiting until the time of the departure of the train eastward should arrive, which would be in about seven minutes. When the train stopped at New Salem, Rogers got down under the engine to clean his ash pan. It was his custom to clean it out whenever the train stopped, and it was his duty to clean it out whenever necessary.

While he was discharging this duty, a work train on the road of appellant, which was engaged every day in picking up bridge timbers along the road and distributing others where they expected to use them, in utter violation and disregard of the rules of the road, came around a curve of the road, near the station, at a rapid, reckless rate, and ran at full speed, crushing into the train on which Rogers was under his engine cleaning out the ash pan. The collision of the two trains resulted in the immediate death of Rogers, and the collision was caused by the negligence of the employes of the work train in disobeying the rules of the road, which, if obeyed, would have prevented the accident.

At the time of the accident the rules governing the running of all trains over the road were printed on the time cards, and were distributed liberally to the employes of the road, to the train men, brakemen, engineers, firemen, station agents, bridge builders, and all others who had to be governed by the rules of the company. Rule No. 20 was in force on appellant's road at the time of the accident, and a similar rule is generally in force on the leading railroads of the country, particularly the Chicago & Alton and Illinois Central. This rule is as follows: "When one train follows another, it must keep, while running, at least two miles behind the preceding train, and must cautiously approach all stations, including those for fuel and water, expecting to find the leading train occupying the main track."

It was shown in evidence that had this rule been observed it would have been impossible for the accident to have occurred, because the work train would have approached the station at New Salem with the train under perfect control, and seeing the freight train on the track would have stopped before coming inside the switches.

The following rule was also printed on the same time card, and was in force on appellant's road at the time of the accident: "Conductors and engineers of freight trains, work trains and detached engines, must approach all stations slowly and with caution. They must know that the main track is clear and switches properly placed before passing through,

and will in no case run at a higher rate of speed than six miles per hour while passing between the station switches."

The negligence of which appellee complains is, that appellant did not adopt proper and adequate rules and regulations for the running of trains on its road with safety to its employes and deceased, and negligence generally, and negligent conduct of its servants in charge of the work train.

The jury found a verdict for appellee of $550, and judgment against appellant for that amount was rendered, and an appeal taken to this court.

The evidence clearly establishes that the accident which resulted in the death of Rogers was caused by the negligence of the employes of appellant having charge of the work train, in not obeying the rules of the road, which had been adopted by appellant to govern the running of trains, and which were ample and sufficient to afford every protection to the deceased and the employes of the road, had they been strictly observed and obeyed. But the negligence of the employes of the work train gives no right of action to appellee against the appellant. Their negligence was one of the ordinary hazards arising from the performance of the duties of the voluntary engagement which the deceased entered into when he took service with appellant as a fireman on one of the engines on its road. He knew when he commenced work, that as a fireman it would be his duty to clean the ash pan of his locomotive whenever it became necessary. He knew that in discharging this part of his duty it would become necessary for him to get between the inside of the drive wheels in order to reach the ash pan under the furnace of the engine. He knew that when in this position he would be at the mercy of his fellow employes, and dependent on their faithfulness in observing and obeying the rules adopted to prevent trains from running into each other while at stations. He knew there was a work train on the road every day picking up timbers, and that extra trains frequently followed regular trains, and he knew he was liable at any moment to serious injury or death from the negligence of his fellow employes.

The law has been established in this State by numerous de-

cisions, that an employe, when he enters upon any service, assumes all the ordinary hazards arising from the performance of the duties of his voluntary engagement. Clark v. C. B. & Q. R. R. Co., 92 Ill. 44; C. B. & Q. R. R. Co. v. Clark, 2 Bradwell, 596.

The deceased was not injured by any cause outside of the ordinary perils of the service in which he was engaged. He was exposed to no new danger by any negligent conduct of appellant that he could not have anticipated before he entered upon the performance of his engagement.

The law, therefore, will afford no remedy to appellee, and the judgment of the court below must be reversed and cause remanded.

Judgment reversed.